IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RUTH ANN ALBERTS,

                OPINION AND ORDER

       Plaintiff,

                14-cv-311-bbc

  v.

CAROLYN COLVIN,

       Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

   This is an appeal of an administrative decision denying plaintiff Ruth Ann Alberts's claim under the Social Security Act, 42 U.S.C. § 405(g), for disability benefits. The administrative law judge, Michael Hazel, found that plaintiff suffered from a number of severe impairments, including degenerative disc disease, obesity and peripheral neuropathy, but also that she was not disabled because she retained the ability to perform light work. I agree with plaintiff that the case must be remanded because the administrative law judge did not adequately consider plaintiff's credibility and did not explain his conclusion that plaintiff's obesity did not affect her ability to do light work.

   With respect to credibility, in her opening brief, plaintiff cites her own testimony that her pain would require her to take a break from work every 15 minutes, AR 60, and the testimony of the vocational expert that employers would not tolerate that many breaks. AR 70. The commissioner does not deny that, if plaintiff's testimony is credited, she would be

disabled under the Social Security statutes.

An administrative law judge's credibility determination is entitled to deference only if he explains his reasoning and builds an accurate and logical bridge from the evidence to his conclusion. Shideler v. Astrue, 688 F.3d 306, 310-11 (7th Cir. 2012); Lopez ex rel. Lopez v. Barnhart, 336 F.3d 535, 539 (7th Cir. 2003). In this case, the administrative law judge did not do that. In fact, the administrative law judge said almost nothing about plaintiff's credibility in his decision.

The administrative law judge's only reference to plaintiff's credibility in his decision is a boilerplate statement that the Court of Appeals for the Seventh Circuit has criticized in numerous opinions: "[T]he claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the residual functional capacity assessment." AR 24. The court of appeals has "repeatedly condemned the use of that boilerplate language because it fails to link the conclusory statements made with objective evidence in the record." Moore v. Colvin, 743 F.3d 1118, 1122 (7th Cir. 2014). In addition, the boilerplate "implies that ability to work is determined first and is then used to determine the claimant's credibility," Bjornson v. Astrue, 671 F.3d 640, 644, 654 (7th Cir. 2012), which "puts the cart before the horse" because "the determination of capacity must be based on the evidence, including the claimant's testimony, rather than forcing the testimony into a foregone conclusion." Filus v. Astrue, 694 F.3d 863, 868 (7th Cir. 2012).

Although the commissioner cites various reasons why the administrative law judge

*could* have rejected plaintiff's testimony, the administrative law judge never connected any of those reasons to a conclusion regarding plaintiff's credibility. As the court of appeals has stated many times, the commissioner may not rely on rationales on appeal if the administrative law judge did not rely on them. Hanson v. Colvin, 760 F.3d 759, 762 (7th Cir. 2014); Larson v. Astrue, 615 F.3d 744, 749 (7th Cir. 2010). Accordingly, I am remanding the decision to allow the administrative law judge to consider plaintiff's credibility.

With respect to plaintiff's obesity, the administrative law judge concluded that it was a severe impairment, but then concluded that it did not prevent plaintiff from performing light work. However, the administrative law judge's only reasoning for that conclusion was that greater limitations would be inconsistent with "the objective medical findings," without identifying any of those findings or explaining how they demonstrated the limited effect of plaintiff's obesity. The court of appeals has stated many times that, "under S.S.R. 02–1p the ALJ must specifically address the effect of obesity on a claimant's limitations." Villano v. Astrue, 556 F.3d 558, 562 (7th Cir. 2009). Accord Goins v. Colvin, 764 F.3d 677, 681 (7th Cir. 2014); Arnett v. Astrue, 676 F.3d 586, 593 (7th Cir. 2012). "[T]his type of error may be harmless when the [residual functional capacity assessment] is based on limitations identified by doctors who specifically noted obesity as a contributing factor to the exacerbation of other impairments," Pepper v. Colvin, 712 F.3d 351, 364-65 (7th Cir. 2013), but neither the administrative law judge nor the commissioner points to a medical opinion in which the doctor specifically considered plaintiff's obesity.

In reversing the administrative law judge's decision, I do not mean to suggest that the decision on remand is a forgone conclusion. As the commissioner pointed out, neither plaintiff's treating physicians nor the consulting physicians gave an opinion that plaintiff was unable to perform light work on a full time basis. However, the court of appeals has set forth clear rules that the administrative law judge must follow when considering a plaintiff's credibility and the effect that obesity has on a claimant's ability to work. Because the administrative law judge did not follow those rules and the commissioner has not shown that the errors are harmless, I must remand the decision for additional consideration.

ORDER

IT IS ORDERED that Ruth Ann Alberts's motion for summary judgment, dkt. #10, is GRANTED. The decision denying plaintiff benefits is REVERSED and REMANDED under sentence four of 42 U.S.C. § 405(g). The clerk of court is directed to enter judgment in favor of plaintiff and close this case.

Entered this 27th day of January, 2015.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge